864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ORAL RESEARCH LABORATORIES, INC., Plaintiff-Appellee,
v.
L. PERRIGO COMPANY, Defendant-Appellant.
 No. 88-1567.
 United States Court of Appeals, Federal Circuit.
 Nov. 21, 1988.
 
 Before FRIEDMAN, NIES and ARCHER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 L. Perrigo Company (LPC) appeals from the portion of the preliminary injunction order of the United States District Court for the District of New Jersey, No. 88-2606 (D.N.J. Aug. 9, 1988) (as modified Aug. 12, 1988), requiring a recall of certain LPC products. Because we hold that the district judge abused his discretion by including a recall order within the scope of the preliminary injunction granted, we vacate that portion of the order requiring a recall.
 
 OPINION
 
 2
 Oral Research Laboratories, Inc. (ORL) markets an anti-plaque dental rinse under its PLAX trademark. LPC markets a competing rinse under twenty-two different private labels, having obtained the help of its customers when it designed the packaging for those labels. In fact, the customers' trademarks are prominently displayed on LPC's bottles. ORL sued LPC for trade dress infringement under, inter alia, Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a) (1982),[1] and moved for a preliminary injunction against LPC's use of packaging which allegedly exhibits trade dress confusingly similar to ORL's trade dress.
 
 
 3
 After discussing the four factors relevant to an analysis of an application for preliminary injunctive relief--probability of success on the merits, irreparable injury, balance of harm, and public interest, the court granted ORL's motion as to certain LPC products (fourteen of the twenty two). The court included a recall as part of that injunctive relief. The recall order required LPC to give its customers the choice, after removing the products covered by the injunction from their shelves, of retaining the product in inventory, returning the product for a full refund from LPC, or destroying the product.
 
 
 4
 This court applies the law of the appropriate circuit to issues over which it normally possesses no jurisdiction, in other words, to "all but the substantive law fields assigned exclusively to this court." Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1439, 223 USPQ 1074, 1087 (Fed.Cir.1984). Accordingly, the law of the Third Circuit applies to our review of the district court's decision to include a recall order within the scope of its preliminary injunction. The Third Circuit reviews preliminary injunctions in actions involving trade dress infringement under an "abuse of discretion" standard. See American Greetings Corp. v. Dan-Dee Imports Inc., 807 F.2d 1136, 1140, 1 USPQ2d 1001, 1003 (3d Cir.1986). An abuse of discretion may be found when a court's decision represents "a clear error of judgment." PPG Indus., Inc. v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1567, 6 USPQ2d 1010, 1013 (Fed.Cir.1988); United Tel. Workers v. Western Union Corp., 771 F.2d 699, 703 (3d Cir.1985) (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)).
 
 
 5
 The equitable relief of a preliminary injunction is an extraordinary and "drastic" remedy, appropriate only in limited situations. See, e.g., Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618, 161 USPQ 385, 388 (3d Cir.1969). As is well recognized, the purpose of such relief is to preserve the status quo pending a determination of the action on the merits. See, e.g., Litton Sys., Inc. v. Sundstrand Corp., 750 F.2d 952, 961, 224 USPQ 252, 259 (Fed.Cir.1984); United States v. Spectro Foods Corp., 544 F.2d 1175, 1181 n. 19 (3d Cir.1976). ORL argued, in its initial brief and at oral argument, that the status quo to be preserved was that state existent before the alleged infringing acts occurred. In this case, that state would be before LPC manufactured and distributed its products using the packaging offensive to ORL. Because the recall merely restores that state, per ORL, it is warranted. The law is clear, however, that the status quo to be preserved by a preliminary injunction is "that state of affairs existing immediately before the filing of the litigation, the last uncontested status which preceded the pending controversy." Litton Sys., 750 F.2d at 961, 224 USPQ at 259; Spectro Foods, 544 F.2d at 1181.
 
 
 6
 The recall order at issue did not merely operate to preserve the status quo. See Spectro Foods, 544 F.2d at 1181 (analyzing recall order with similar effect). Moreover, it did not operate merely to restrain LPC from further acts of possible infringement--because it involved products no longer within LPC's possession. See id. Rather, the order functioned, as the district court characterized it, to provide an incentive for LPC's customers, who were not defendants before the court, to comply with the injunction against sale of the products. The court stated: "Although the scope of the injunction under Rule 65(c) might arguably encompass [LPC's customers], and I would certainly expect them to honor it, that's not entirely predictable." Transcript of Proceedings at 38 (D.N.J. Aug. 9, 1988) (Bissell, J.). Accordingly, the recall portion of the preliminary injunction granted here did not perform the function appropriate for such relief.
 
 
 7
 The court's injunction enjoins LPC "and all persons in active concert with [it] who receive actual notice of this order." LPC's customers helped LPC to design the trade dress challenged by ORL and their trademarks appear prominently as part of that dress. The record indicates that each customer received notice of the order. Consequently, it would appear that ORL would have an action for contempt against any individual customer who ignored the injunction and sold products exhibiting trade dress covered by the preliminary injunction. Thus, the recall portion of the order is unnecessary; the remainder of the order performs the function of insuring customer compliance.
 
 
 8
 Before exercizing its discretion and ordering a recall as part of preliminary injunctive relief, a district court should consider whether the probable benefit of the recall to the plaintiff outweighs the burden and expense of the recall to the defendant. See, e.g., Perfect Fit Indus., Inc. v. Acme Quilting Co., 646 F.2d 800, 807, 210 USPQ 175, 181 (2d Cir.1981), cert. denied, 459 U.S. 832 (1982). The recall portion of the order is unnecessary under the circumstances of this case;[2] therefore, the benefit to ORL is de minimis and the burden and expense of the recall to LPC clearly outweigh the benefit to ORL.
 
 
 9
 The Third Circuit cautions that "[t]he power to issue a preliminary injunction, especially a mandatory one [such as a recall order], should be sparingly exercized." Spectro Foods, 544 F.2d at 1181. In view of that caution, the failure of the recall order here to perform the stated function of preliminary injunctive relief, and the unnecessary nature of the recall because the function it does provide is already performed by the remaining portion of the preliminary injunction, we conclude that the court's decision to order a recall is clearly an error in judgment and constitutes an abuse of discretion. Accordingly, we vacate that portion of the preliminary injunction ordering a recall.
 
 Costs
 
 10
 Each party shall bear its own costs.
 
 
 11
 FRIEDMAN, Circuit Judge, concurs in the result.
 
 
 
 [1]
 This court has jurisdiction over the present appeal under 28 U.S.C. Sec. 1292(c)(1) (1982) because ORL's complaint also alleges patent infringement, copyright infringement, and a related unfair competition claim. See 28 U.S.C. Secs. 1295(a), 1338(a) & (b) (1982)
 
 
 [2]
 There may be certain circumstances, however, in which recall orders are appropriately granted as part of preliminary injunction orders. See, e.g., Perfect Fit, supra; LeSportsac, Inc. v. K Mart Corp., 607 F.Supp. 183, 224 USPQ 776 (E.D.N.Y.1984), aff'd, 754 F.2d 71, 225 USPQ 654 (2d Cir.1985)